Manly, J.
Previous to the act of 17th February, 1864, entitled “ an act to Organize forces to serve for the war,” the petitioner was exempt by reason of his being a blacksmith. This exemption being repealed by that act, he became liable to military duty, but was not enrolled until tlie 2nd of October. In the meanwhile — that is, between the passage of the act and the enrolment — he reached the age^of 45 years. The enrolment and arrest are for duty in the army generally, and not as a Senior Reserve.
We have had occasion at this term to declare in several cases, (as in that of Upchurch, and others,) that the act of 17th February does not, of itself, operate as an enrolment, something more being required to put a citizen in: military service. This being so, it follows that if the citizen, at the time he is called for, be not liable, to perform the service required, he cannot be rightfully enrolled and made to serve.
*136 Tube act of Congress divides the army into three parts : 3. The junior reserves, between the ages of Vj and 18. 2* The great body of the army between 18 and 45, as organized under the acts of 1862 ; ■ and, 3, the senior reserves, between the ages of 45 and 50. Had the petitioner been 'incorporated into the army by enrolment, and ordered into camp, when between the ages of 18 and 45, he would have been' rightfully put in the second division mentioned above, and would have been in for the full term prescribed by thé act o'f 1862. But inasmuch as he was .not called fór until after he had passed the terminus (45) of that division, he ought to have been enrolled in the.3d.
He is entitled to relief therefore, from his present custody, and will stand subject to duty in the corps of senior reserves. . „
He is discharged accordingly. The officer to pay costs.